ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **ANTONIO ROSARIO RAMOS, SU ESPOSA ROSANY RODRÍGUEZ CINTRÓN Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; PEDRO ROSARIO RAMOS, SU ESPOSA CARMEN ILEANA RIVERA CINTRÓN Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; JOSÉ SANTIAGO SÁNCHEZ; RUBÉN ROSADO SOLANO, SU ESPOSA CRUZ MARTE DE ROSADO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; ANA ISABEL ROSARIO RAMOS; TODOS COMPARECIENDO POR SÍ Y COMO VECINOS DE LA COMUNIDAD MONTECRISTO EN JUANA DÍAZ** DEMANDANTE(S)-APELANTE(S) <br><br> V. <br><br> **LAM INVESTMENT SOLUTION, LLC** DEMANDADA(S)-APELADA(S) | **KLAN202300521** <br><br> **consolidado con** <br><br> **KLCE202301056** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **PONCE** <br><br> Caso Núm. **PO2021CV00938 (604)** <br><br> Sobre: *Injunction* Estatutario Procedimiento bajo el Art. 14.1 de la Ley 161 de 2009, conocida como Ley de Reforma de Proceso de Permisos de Puerto Rico, según enmendada |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 25 de junio de 2025.

Comparecen ante este Tribunal de Apelaciones, **ANTONIO ROSARIO RAMOS**, su esposa **ROSANY RODRÍGUEZ CINTRÓN** y la **SOCIEDAD LEGAL DE GANANCIALES** compuesta por ambos; **PEDRO ROSARIO RAMOS**, su esposa **CARMEN ILEANA RIVERA CINTRÓN** y la **SOCIEDAD LEGAL DE GANANCIALES** compuesta por ambos; **JOSÉ SANTIAGO SÁNCHEZ**; **RUBÉN ROSADO SOLANO**, su

Número Identificador: SEN2025_____

esposa CRUZ MARTE DE ROSADO y la SOCIEDAD LEGAL DE GANANCIALES compuesta por ambos; ANA ISABEL ROSARIO RAMOS; todos compareciendo por sí y como VECINOS DE LA COMUNIDAD MONTECRISTO EN JUANA DÍAZ (ANTONIO ROSARIO RAMOS Y OTROS) mediante *Apelación* interpuesta el 15 de junio de 2023. En su recurso, nos solicitan que revisemos la *Sentencia* decretada el 27 de marzo de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce.[1] Mediante el aludido dictamen, se declaró no ha lugar la *Demanda* incoada por ANTONIO ROSARIO RAMOS Y OTROS, y en su consecuencia, se desestimó la causa de acción.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I –

KLAN202300521

El 23 de abril de 2021, ANTONIO ROSARIO RAMOS Y OTROS instaron una *Demanda* sobre *Injunction* Estatutario al amparo del procedimiento bajo el Artículo 14.1 de la Ley Núm. 161 de 2009, conocida como la *Ley para la Reforma del Proceso de Permisos de Puerto Rico,* en contra de LAM INVESTMENT SOLUTION, LLC (LAM).[2] ANTONIO ROSARIO RAMOS Y OTROS son vecinos en la COMUNIDAD MONTECRISTO sito en el Barrio Río Cañas en Juana Díaz, Puerto Rico; por lo que, son propietarios y colindantes de viviendas allí ubicadas. ANTONIO ROSARIO RAMOS Y OTROS alegó que LAM poseía un negocio dedicado a la compra y venta de vehículos de motor, arrastres o semiarrastres al detal o al por mayor y/o un negocio en forma de concesionario, distribuidor o almacenamiento de vehículos de motor, de manera ilegal y no permitido en la clasificación que ostenta el predio, afectando así sus derechos propietarios y personales.

---

[1] Esta determinación judicial fue notificada y archivada en autos el 31 de marzo de 2023. Apéndice de la *Apelación*, págs. 1- 11.

[2] *Íd.,* págs. 12- 22. **LAM** es una compañía de responsabilidad limitada debidamente registrada ante el Departamento de Estado de Puerto Rico bajo el número: 383202.

En específico, **ANTONIO ROSARIO RAMOS Y OTROS** aludió que existe: (1) una acumulación excesiva de vehículos de motor; (2) un aumento del tránsito de vehículos pesados y grúas que cargan y transportan vehículos de motor; (3) una entrada y flujo dentro de la comunidad de personas ajenas y desconocidas; (4) una obstaculización de la vía de acceso a las propiedades de la comunidad; y (5) un incremento de basura en los predios de la comunidad.[3] Argumentó que los terrenos donde está ubicada la **COMUNIDAD MONTECRISTO** están clasificados como Distrito R-G (Rural General) por la Junta de Planificación de Puerto Rico. Además, reclamó que la señora **ROSANY RODRÍGUEZ CINTRÓN** es paciente de cáncer y como consecuencia de los actos de **LAM** ha sufrido ansiedad y malestares.

Así las cosas, el 6 de mayo de 2021, se celebró la primera audiencia sobre interdicto preliminar en la cual testificaron los señores **ANTONIO ROSARIO RAMOS** y VERÓNICA ROSARIO RODRÍGUEZ. Durante el testimonio de la señora ROSARIO RODRÍGUEZ, surgió una dificultad con la presentación de la prueba documental, por lo que se le otorgó un término de cinco (5) días a **ANTONIO ROSARIO RAMOS Y OTROS** para entregarla a **LAM**.[4]

Posteriormente, el 24 de mayo de 2021, **ANTONIO ROSARIO RAMOS Y OTROS** presentó una *Segunda Moción en Cumplimiento de Orden sobre Desglose de Prueba; Moción Urgente en Solicitud de Remedios en Cuanto a la Presentación de Prueba Audiovisual* en la cual informó que se sometía la prueba documental y, en relación a la prueba audiovisual, ésta constaba de seis (6) videos, los cuales **no** se podían subir al expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) por ser archivos grandes.[5] El 28 de mayo de 2021, se celebró una nueva audiencia. En esta ocasión, se estipularon unas fotografías presentadas, mas no los videos.[6]

---

[3] Apéndice de la *Apelación*, págs. 14-15.
[4] Entrada Núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Entrada Núm. 12 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[6] Entrada Núm. 17 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 31 de agosto de 2021, se llevó a cabo la continuación de la audiencia, por videoconferencia.[7] Se contrainterrogó a la señora ROSARIO RODRÍGUEZ y la señora **ROSANY RODRÍGUEZ CINTRÓN** prestó su testimonio. Al culminar la presentación de la prueba por **ANTONIO ROSARIO RAMOS Y OTROS**, el tribunal apelado aclaró que toda la prueba documental fue estipulada por las partes. En seguida, el 3 de septiembre de 2021, **LAM** presentó una *Moción de Desestimación* en virtud de la Regla 39.2(c) de Procedimiento Civil.[8] Arguyó que, de ninguno de los testimonios vertidos, ni de otra prueba admitida en evidencia, se podía determinar o comprobar que desde el inmueble localizado en la **COMUNIDAD MONTECRISTO** se operaba un negocio de compra y venta de vehículos de motor.

Tiempo después, el 4 de noviembre de 2021, se dictó *Sentencia* en la cual se declaró con lugar la *Demanda* sobre *Injunction* Estatutario al amparo del Artículo 14.1 de la Ley Núm. 161 de 2009, y se ordenó la paralización, cese y desista de forma inmediata y permanente de los usos y actividades no autorizados por la Ley Núm. 161 de 2009.[9]

Insatisfecho con la anterior determinación, **LAM** recurrió ante este Tribunal de Apelaciones imputándole al foro de instancia varios errores. El 28 de abril de 2022, este foro revisor emitió *Sentencia* en el caso **KLAN202101078**. En lo pertinente, se dictaminó:

> [R]esolvemos que erro el TPI al someter el caso y dictar sentencia conforme a la evidencia presentada, sin permitir que la apelante presentara prueba a su favor. Por ello, procede devolver el caso ante el foro primario para que continúe con la vista hasta que se presente la totalidad de la prueba, principalmente la evidencia de LAM.

Cónsono con lo resuelto en el caso **KLAN202101078**, la audiencia final sobre *Injunction* Estatutario se celebró el 14 de febrero de 2023, de forma presencial.[10] Surge de la *Minuta*, la lista de los testigos y personas presentes,

---

[7] Entrada Núm. 27 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[8] 32 LPRA Ap. V, R. 39.2(c). Entrada Núm. 23 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[9] Apéndice de la *Apelación*, págs. 23- 36.
[10] Entrada Núm. 72 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

y la prueba documental marcada como *Exhibits* de evidencia estipulada presentada por **LAM** y un documento marcado como Identificación I de **ANTONIO ROSARIO RAMOS Y OTROS** utilizado para fines de impugnación.[11]

De esta manera, el 31 de marzo de 2023, se dictaminó una segunda *Sentencia*. En su conclusión, el tribunal *a quo* formuló las siguientes determinaciones de hechos:

1. Las partes demandante y demandada en el caso de autos son vecinos de la Comunidad Monte Cristo, del Barrio Río Cañas Arriba, comunidad localizada en la Carretera 14, Km. 22.4 de Juana Díaz, Puerto Rico.

2. La parte co-demandante compareciente Antonio Rosario Ramos y Rosany Rodríguez Cintrón son residentes y dueños de la propiedad localizada en la Comunidad Monte Cristo #2, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico.

3. La compañía de responsabilidad limitada LAM Investment Solution LLC., es dueña de la propiedad ubicada en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, la cual es utilizada como residencia del Presidente de la corporación Luis Abad Maldonado Torres, quien reside en la misma con su esposa y nueve (9) hijos entre las edades de 16 y 27 años.

4. La propiedad localizada en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, la cual es utilizada como residencia del Presidente de la corporación Luis Abad Maldonado Torres, quien reside en la misma con su esposa y nueve (9) hijos entre las edades de 16 y 27 años, consta de una residencia con tres (3) cuerdas de terreno.

5. La parte demandada LAM Investment Solution LLC., es una compañía de responsabilidad limitada debidamente registrada en el Departamento de Estado de Puerto Rico bajo el número: 383202, cuyo presidente es Luis Abad Maldonado Torres.

6. Los propósitos de la corporación demandada, LAM Investment Solution LLC, según el Registro de Corporaciones del Departamento de Estado de Puerto Rico, son "con fines de lucro" para la "compra y reventa de propiedades residenciales, comerciales, solares, fincas, autos y misceláneas".

7. La dirección física de la oficina principal de LAM Investment Solution LLC., es 1170 Ave. Hostos, Ponce, Puerto Rico 00717.

8. La dirección postal de la LAM Investment Solution LLC., es 485 Ponce de León, Ponce, Puerto Rico 00717-0292.

9. La corporación demandada LAM Investment Solution LLC adquirió la propiedad sita en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, en el año 2019.

10. El presidente de la corporación LAM Investment Solution LLC., lleva residiendo en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, desde hace aproximadamente tres (3) años.

---

[11] Los testigos identificados lo fueron: Antonio Noel Rosario Ríos (parte); Rosany Rodríguez Cintrón (parte); Verónica Rosario Rodríguez (testigo parte demandante) ; Antonio Andrés Rosario Rodríguez (parte); y Luis Abad Maldonado Torres (parte demandada).

11. La residencia de los co-demandantes Antonio Rosario Ramos y Rosany Rodríguez Cintrón ubica justo de frente a la residencia perteneciente a la corporación demandada.

12. El Tribunal toma conocimiento judicial de que el Tribunal de Apelaciones declaró nulo el Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos, y Operación de Negocios, mejor conocido como Reglamento Conjunto 2020, en los casos *Fideicomiso de Conservación de Puerto Rico v. Junta de Planificación*, KLRA202100047; y en el caso *ARRAQ y ARESPA v. Junta de Planificación*, KL[RA]202100044, siendo este último declarado NO HA LUGAR por el Tribunal Supremo de Puerto Rico en el caso CC-2021-0296.

13. La parte demandada llevó en una ocasión un lote de autos adquiridos cuando un concesionario localizado fuera de Puerto Rico fue liquidado.

14. Dichos autos fueron llevados a la propiedad perteneciente a la corporación demandada.

15. Luego de una reunión celebrada con varios de los vecinos de la comunidad, el señor Maldonado Torres se comprometió a remover los autos del terreno perteneciente a la corporación demandada y así lo ha estado haciendo.

16. La parte demandada utiliza concesionarios ("dealers") de vehículos de motor porque dichos establecimientos venden los autos a consignación, y son estos concesionarios quienes se encargan de registrarlos en el Centro de Servicios al Conductor (CESCO) una vez le son encargados para la venta de los mismos, liberando así a la corporación demandada de dicha gestión.

17. La parte demandada promociona los autos a ser vendidos a través de la página clasificadosonline.com, y cuando recibe las llamadas le brinda la información sobre el vehículo y los refiere a los concesionarios ("dealers") para realizar las ventas.

18. La parte demandada tiene alrededor de cincuenta (50) autos anunciados en la página digital clasificadosonline.com, de los cuales veinte (20) se encuentran en la propiedad de la Comunidad Monte Cristo, y de conformidad con la declaración [de] [la] parte demandada varios son utilizados por los miembros de su familia.

19. La parte demandada lleva en ocasiones autos de la corporación para prepararlos, dándole una limpieza profunda ("detailing") para llevarlos a los concesionarios para ser vendidos.

20. La parte demandada no realiza transacciones comerciales desde la propiedad en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, la cual es utilizada como residencia del Presidente de la corporación Luis Abad Maldonado Torres, quien reside en la misma con su esposa y nueve (9) hijos entre las edades de 16 y 27 años.

21. La parte demandada trabaja su negocio desde el Pueblo de Ponce, en la dirección ubicada en el 1170 de la Avenida Hostos, Ponce, Puerto Rico.

22. En la propiedad localizada en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, la parte demandada no lleva clientes [ni] personas extrañas ni relacionadas con su negocio.

23. El señor Maldonado Torres, Presidente de la Corporación LAM Investment Solution LLC., es visitado por familiares y amigos, en la propiedad localizada en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico.

24. La parte demandada tiene el Registro de Comerciante en Ponce, Puerto Rico, rinde las contribuciones en el Municipio de Ponce, Puerto Rico.

25. El señor Maldonado Torres utiliza máquinas pertenecientes a la corporación demandada, como excavadoras ("diggers") y removedores de terreno para darle mantenimiento a las tres (3) cuerdas de terreno que pertenece a la propiedad ubicada en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, la cual es utilizada como residencia del Presidente de la corporación Luis Abad Maldonado Torres, quien reside en la misma con su esposa y nueve (9) hijos entre las edades de 16 y 27 años.

26. En una ocasión un vehículo se deslizó por la bajada de la propiedad en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, la cual es utilizada como residencia del Presidente de la corporación Luis Abad Maldonado Torres, y bloqueó el camino por varias horas, y dicho problema fue resuelto.

27. La parte demandada no realiza labores de mecánica en los autos pertenecientes a la corporación desde la propiedad localizada en la Comunidad Monte Cristo #10, localizada en la Carretera 14, Km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico. Este realiza labores de mecánica sobre las máquinas utilizadas por la parte demandada para el mantenimiento del terreno de tres (3) cuerdas, pertenecientes a la corporación.

28. La parte demandada LAM Investment Solution LLC., ni el señor Maldonado Torres han sido objeto de acciones o investigaciones administrativas por parte de la Oficina de Gerencia de Permisos ni la Junta de Planificación ni ante ninguna agencia a cargo de la fiscalización de permisos o ambientales.

Por consiguiente, concluyó lo siguiente:

De conformidad con lo antes consignado, a la luz de las Determinaciones de Hechos y Conclusiones de Derecho, y a la luz de la totalidad de la prueba presentada por las partes, dirimida la credibilidad de los testigos, la prueba documental, y el expediente en su totalidad, este Tribunal declara NO HA LUGAR la demanda presentada por la parte demandante, y en su consecuencia desestima la misma.

En desacuerdo, el 16 de abril de 2023, **ANTONIO ROSARIO RAMOS Y OTROS** presentó una *Moción de Reconsideración*.[12] Cuestionó la mayoría de las determinaciones de hechos formuladas y manifestó que la prueba presentada no fue rebatida y/o controvertida por **LAM**. Razonó que no parecía lógico que el foro primario fuere tan inocente de creer que la propiedad en controversia es alegadamente la residencia familiar del señor Luis Abad Maldonado Torres, presidente de **LAM** y su familia, cuando la prueba demostró que está a nombre de la corporación, cuyos fines son lucrativos. En respuesta, **LAM** presentó su *Oposición a la Moción de*

---

[12] Apéndice de la *Apelación*, págs. 37- 52.

*Reconsideración* enumerando dieciocho (18) razones por las cuales se debía denegar la *Moción de Reconsideración*.[13] El 16 de mayo de 2023, se prescribió *Resolución* declarando no ha lugar la *Moción de Reconsideración*.[14]

Aún disconforme, el 15 de junio de 2023, **ANTONIO ROSARIO RAMOS Y OTROS** acudieron ante este tribunal revisor por medio de una *Apelación* señalando la comisión del(de los) siguiente(s) error(es):

> Erró el TPI de Ponce al declarar "NO HA LUGAR" la demanda de *Injunction* Estatutario al amparo del procedimiento establecido bajo el Artículo 14.1 de la Ley núm. 161 de 2009, conocida como Ley para la Reforma del Proceso de Permisos de Puerto Rico, al resolver que la parte apelante no demostró que la corporación apelada ni el señor Maldonado Torres llevaran a cabo actividad comercial de compra y venta de autos desde la propiedad localizada en la Comunidad Montecristo #10, localizada en la carretera 14, km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, en clara inconsistencia con un previo dictamen de 4 de noviembre de 2021 donde sí establecía que la parte apelada sí llevaba a cabo una actividad comercial desde la propiedad localizada en la Comunidad Montecristo.

> Erró el TPI de Ponce al declarar "NO HA LUGAR" la demanda de *Injunction* Estatutario al amparo del procedimiento establecido bajo el Artículo 14.1 de la Ley núm. 161 de 2009, conocida como Ley para la Reforma del Proceso de Permisos de Puerto Rico, al resolver que la parte apelante no demostró que la corporación apelada ni el señor Maldonado Torres llevaran a cabo actividad comercial de compra y venta de autos desde la propiedad localizada en la Comunidad Montecristo #10, localizada en la carretera 14, km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, abusando de su discreción al conceder gran peso y valor a hechos irrelevantes e inmateriales y basar su decisión exclusivamente en estos.

> Erró el TPI de Ponce al declarar "NO HA LUGAR" la demanda de *Injunction* Estatutario al amparo del procedimiento establecido bajo el Artículo 14.1 de la Ley Núm. 161 de 2009, conocida como Ley para la Reforma del Proceso de Permisos de Puerto Rico, al resolver que la parte apelante no demostró que la corporación apelada ni el señor Maldonado Torres llevaran a cabo actividad comercial de compra y venta de autos desde la propiedad localizada en la Comunidad Montecristo #10, localizada en la carretera 14, km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, abusando de su discreción al ignorar toda aquella prueba relevante, pertinente y material que lo llevó a dictar sentencia en favor de la parte [apelada] el 4 de noviembre de 2021.

> Erró el TPI de Ponce al declarar "NO HA LUGAR" la demanda de *Injunction* Estatutario al amparo del procedimiento establecido bajo el Artículo 14.1 de la Ley núm. 161 de 2009, conocida como Ley para la Reforma del Proceso de Permisos de Puerto Rico, al resolver que la parte apelante no demostró que la corporación apelada ni el señor Maldonado Torres llevaron a cabo actividad comercial de compra y venta de autos desde la propiedad

---

[13] Apéndice de la *Apelación*, págs. 53- 60.
[14] *Íd.*, pág. 61.

localizada en la Comunidad Montecristo #10, localizada en la carretera 14, km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico, abusando de su discreción al conceder gran peso y valor probatorio a hechos irrelevantes e inmateriales de los cuales no se presentó ni un ápice de prueba que demostraran su veracidad y basar su decisión exclusivamente en estos.

Junto a su recurso de *Apelación*, **ANTONIO ROSARIO RAMOS Y OTROS** presentó una *Moción en Solicitud de Autorización para Presentar Documento de Apéndice en Fecha Posterior al Escrito de Apelación y en Solicitud de Otros Remedios Relacionados con la Prueba*. En resumen, suplicó como remedio poder presentar prueba audiovisual, en especial, siete (7) videos que constituyeron prueba estipulada enumerados como *Exhibits* Núm. 10 y Núm. 11.

Consecuentemente, el 26 de junio de 2023, pronunciamos *Resolución* concediéndole un plazo perentorio de siete (7) días a **ANTONIO ROSARIO RAMOS Y OTROS** para que acreditar la notificación del recurso a **LAM** e informar si los videos y la prueba de impugnación fueron presentados ante la consideración del tribunal apelado y fue admitido o marcado como evidencia, con especificidad de la fecha de la audiencia; y se otorgó un término de treinta (30) días para presentar alegato en oposición a **LAM**.

En ese sentido, el 30 de junio de 2023, **ANTONIO ROSARIO RAMOS Y OTROS** presentó *Moción en Cumplimiento de Orden para Acreditar Notificación de Recurso de Apelación; y Moción en Cumplimiento de Orden para Informar Presentación de Prueba en el Tribunal Apelado* mediante la cual acompañó evidencia de la notificación del recurso a **LAM** y de paso, corrigió que la prueba audiovisual constaba de nueve (9) videos y no de siete (7) reproducciones como anteriormente había informado.

El 11 de julio de 2023, intimamos *Resolución* en la cual se le requirió a la Secretaría de este Tribunal gestionar con la Secretaría del foro de instancia, elevar toda la prueba estipulada, prueba admitida y marcada como evidencia o *exhibit*, así como cualquier prueba de impugnación del caso en un término de diez (10) días.

En cumplimiento con lo ordenado, el 24 de julio de 2023, **LAM** presentó su *Alegato en Oposición a Apelación*.

Posteriormente, el 14 de agosto de 2023, la Secretaría Regional del Tribunal de Primera Instancia, Sala Superior de Ponce, presentó *Comparecencia Especial* en la cual, entre otras cosas, adujo que por ser un caso del Sistema Unificado de Manejo y Administración de Casos (SUMAC) el mismo puede accesarse electrónicamente y aclaró que de las minutas no constaba que la prueba audiovisual hubiese sido entregada al tribunal.

En reacción, el 25 de agosto de 2023, **ANTONIO ROSARIO RAMOS Y OTROS** presentó una *Moción en Reacción a Comparecencia Especial Radicada por la Secretaría Regional del Tribunal de Primera Instancia;* y *Segunda Moción en Solicitud de Autorización para Presentar una Transcripción Estipulada de la Prueba Oral; Moción en Solicitud de Orden*.[15]

El 8 de septiembre de 2023, **ANTONIO ROSARIO RAMOS Y OTROS** presentó una *Moción de Consignación de Pendrive con Evidencia Audiovisual* anejando una memoria USB.

El día 26 de febrero de 2024, el licenciado Norberto Colón Alvarado, representación legal de **LAM,** presentó una *Moción Informando Inhabilidad para Representar al Demandado* en la cual rogó un término razonable para que consiguiera una nueva representación legal. En consecuencia, el 4 de marzo de 2024, prescribimos *Resolución* relevando al licenciado Colón Alvarado de la representación legal de **LAM** y concediendo período de veinte (20) días para anunciar nueva representación legal.

Entonces, el 20 de mayo de 2024, **LAM** presentó una *Moción en Cumplimiento de Orden y sobre Otros Extremos* procurando se admitiera al licenciado Pérez García como su representación legal.

---

[15] Junto a su comparecencia, acompaño dos (2) mociones que fueron presentadas ante el foro de instancia, a saber: *Moción Informando Desglose de Prueba Audiovisual Mediante Enlaces Electrónicos* presentado el 26 de julio de 2023; y *Moción en Cumplimiento con Orden de Entrega de Pendrive con Evidencia de la Parte Demandante* presentado el 8 de agosto de 2023.

Unos meses después, el 13 de diciembre de 2024, **ANTONIO ROSARIO RAMOS Y OTROS** presentó una *Tercera Moción en Solicitud de Autorización para Presentar una Transcripción Estipulada de la Prueba Oral; Moción en Solicitud de Orden*.

**KLCE202301056**[16]

El 22 de septiembre de 2023, **ANTONIO ROSARIO RAMOS Y OTROS** instó un *Certiorari* en el cual solicitan que revisemos la *Notificación* emitida el 23 de agosto de 2023. Mediante la antedicha providencia, el tribunal primario concretó lo siguiente:

> "[d]e conformidad con la Regla 52 de Procedimiento Civil, esta Curia no posee jurisdicción para actuar. La presente moción deberá ser presentada ante el tribunal de apelaciones, foro con jurisdicción".[17]

En su recurso, **ANTONIO ROSARIO RAMOS Y OTROS** señaló un solo error, a saber:

> Erró el TPI de Ponce al declararse sin jurisdicción al amparo de la Regla 52 de Procedimiento Civil para atender la "Moción en Cumplimiento con Orden de Entrega de Pendrive con Evidencia de la Parte Demandante" radicada por la parte peticionaria el 8 de agosto de 2023 , y en consecuencia, erró al negarse a recibir la evidencia estipulada, admitida y marcada como evidencia durante la continuación de Vista en su fondo de 31 de agosto de 2021 mediante videoconferencia; y a su vez, erró al incumplir con la gestión de elevar toda la prueba estipulada, admitida y marcada como evidencia o Exhibit del caso PO2021CV00938, conforme requerido por el Tribunal de Apelaciones en el caso KLAN202300521; todo esto en total detrimento de los derechos de la parte peticionaria y la adjudicación justa de las causas de acción presentadas.

El 9 de mayo de 2024, **LAM**, por medio de su nueva representación legal, licenciado Walter J. Pérez García, presentó *Alegato en Oposición a Certiorari*.

Evaluado concienzudamente el expediente del caso; y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

---

[16] El 4 de marzo de 2024, se dictaminó *Resolución* ordenando la consolidación de los recursos.
[17] Apéndice del *Certiorari* (**KLCE202301056**), pág. 1.

- II -

- A – *Apreciación de la Prueba*

La Regla 42.2 de las de Procedimiento Civil de 2009 instituye que las determinaciones de hechos que contempla el foro de instancia a base de testimonio oral "no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos".[18]

De igual manera, la Regla 110 de las de Evidencia instaura que "será el juzgador de hechos quien deberá evaluar la prueba presentada con el propósito de determinar cuáles hechos fueron establecidos o demostrados".[19] De ese modo, es norma reiterada que cuando se le solicita a un foro apelativo que revise [determinaciones] de hechos, la apreciación de la prueba, en primer lugar, le corresponde al tribunal sentenciador ya que estos tienen la oportunidad de observar y oír a los testigos, y por ello, están en mejor posición de evaluarla.[20] En ese sentido, la evaluación del foro sentenciador merece respeto y deferencia.[21]

Cónsono con ello, por lo general, "los tribunales apelativos no intervenimos ni alteramos innecesariamente las determinaciones de hechos que hayan formulado los tribunales de primera instancia luego de admitir y aquilatar la prueba presentada durante el juicio."[22] Es decir, significa que no debemos descartar las determinaciones "tajantes y ponderadas del foro de instancia" y sustituirlas por nuestra propia apreciación, a base de un examen del expediente del caso.[23]

Ahora bien, la deferencia al juicio del juzgador de hechos "no es absoluto" pues "[u]na apreciación errónea de la prueba no tiene credenciales

---

[18] 32 LPRA Ap. V, R. 42.2.
[19] 32 LPRA Ap. VI, R. 110.
[20] *Semidey et al. v. Fcia. Belmonte et al.*, 211 DPR 222 (2023); *Pueblo v. Acevedo Estrada*, 150 DPR 84, 98-99 (2000).
[21] *González Hernández v. González Hernández*, 181 DPR 746, 776 (2011).
[22] *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 65 (2009).
[23] *Íd.*, págs. 65- 66.

de inmunidad" frente a nuestra facultad revisora.[24] Los foros apelativos podremos intervenir con la apreciación de la prueba cuando exista error manifiesto, pasión, prejuicio, parcialidad o cuando un análisis integral, detallado y minucioso de la prueba así lo justifique.[25] Esto sin olvidar que "la intervención indiscriminada con la adjudicación de credibilidad que se realiza a nivel de instancia significaría el caos y la destrucción del sistema judicial existente en nuestra jurisdicción".[26]

Referente al prejuicio, pasión o parcialidad, existen si el juzgador "actúa movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna".[27] En esa dirección, se consideran erróneas las conclusiones del [tribunal] apelado, si de un análisis de la totalidad de la prueba, el foro apelativo entiende que esta se distancia de la realidad fáctica o es inherentemente imposible o increíble.[28]

Es decir, la tarea de adjudicar la credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba desfilada, lo cual incluye, entre otros factores, observar el comportamiento del testigo mientras ofrece su testimonio (demeanor) y escuchar su voz.[29] Así pues, los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad, o que incurrió en error manifiesto.[30] Cuando la alegación es de pasión, prejuicio o parcialidad, los foros apelativos debemos verificar

---

[24] *Ramos Acosta v. Caparra Dairy, Inc.*, 113 DPR 357, 365 (1982); *Vda. de Morales v. De Jesús Toro*, 107 DPR 826, 829 (1978).
[25] *Pueblo v. García Colón I*, 182 DPR 129 (2011); *González Hernández v. González Hernández*, *supra*, pág. 777.
[26] *Pueblo v. Toro Martínez*, 200 DPR 834, 859 (2018).
[27] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).
[28] *Pueblo v. Irizarry*, 156 DPR 780, 816 (2002).
[29] *Gómez Márquez et al. v. El Oriental*, 203 DPR 783 (2020).
[30] *Íd.*

primordialmente si el juez de primera instancia cumplió su función de adjudicar de manera imparcial, pues solo así podremos descansar en sus determinaciones de hechos.[31]

De igual modo, el error manifiesto ocurre cuando, de un análisis de la totalidad de la evidencia, el foro revisor queda convencido de que se cometió un error, aunque haya evidencia que sostenga las conclusiones de hecho del Tribunal.[32] En ese sentido, este estándar de revisión restringe nuestra facultad para sustituir el criterio del tribunal primario a escenarios en que, de la prueba admitida, no exista base suficiente que apoye su determinación.[33] Resulta pertinente mencionar que, incluso, las diferencias de criterio jurídico no alcanzan ese estándar.[34]

### - B – *Reproducción de la Prueba Oral*

La Regla 19 del Reglamento del Tribunal de Apelaciones, sobre la reproducción de la prueba oral, enuncia:

> (A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba.
> (B) La parte apelante deberá acreditar, dentro del término de diez días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos. [...].[35]

De otro lado, las Reglas 76 y 76.1 del Reglamento del Tribunal de Apelaciones permiten que la parte promovente de un recurso apelación o de "*certiorari*" seleccione el método de reproducción de la prueba oral. Más, le imponen un término de diez (10) días desde la fecha de presentación de la apelación o desde la notificación de la expedición del auto para informar el método elegido.[36] Ahora bien, la parte promovente dispondrá de un plazo de

---

[31] *Íd.*
[32] *Íd.*
[33] *Íd.*, pág. 795.
[34] *Íd.*
[35] Regla 19 (A) y (B) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B. Véase, además, Junta Editora para el Tribunal de Apelaciones, *Perspectivas de la Práctica Apelativa*, Ediciones Situm (2018), págs. 118– 119.
[36] *Íd.*, pág. 119.

treinta (30) días luego de presentada la apelación para completar el trámite de la reproducción de la prueba oral.

Nuestro Tribunal Supremo ha reiterado que el término de diez (10) días para anunciar el método para la reproducción de la prueba oral es de cumplimiento estricto y solamente cuando medie justa causa podrá extenderse previa solicitud a tal fin de la parte promovente.[37] Ello implica que la reproducción de la prueba oral es un elemento indispensable que requiere cumplimiento riguroso de la parte promovente.

Incluso, nuestro Máximo Foro ha expresado con gran preocupación que "[l]as normas sobre el perfeccionamiento de los recursos apelativos **deben ser observadas rigurosamente** y **su cumplimiento no puede quedar al arbitrio de las partes o sus abogados**".[38] Igualmente, se ha advertido que el incumplimiento con las normas sobre la reproducción de la prueba oral puede provocar la extrema medida de la desestimación de la apelación.[39]

### - C – *Jurisdicción*

Nuestro ordenamiento jurídico define la *jurisdicción* apelativa o la competencia para revisar, "como la autoridad conferida a un tribunal de jerarquía superior para revisar, revocar, anular, modificar o confirmar las sentencias, órdenes o resoluciones de un tribunal de jerarquía inferior o de un organismo administrativo".[40]

Aún así, debe entenderse y tenerse presente que el tribunal de apelaciones no considerará un planteamiento en cuanto a la parte de la sentencia de la cual no se haya recurrido.[41] Esto quiere decir, a su vez, **que el foro apelativo no puede evaluar ni admitir prueba presentada por primera vez ante dicho tribunal**.[42] Tampoco tiene la facultad inherente

---

[37] *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 448 (2016).
[38] *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 104– 105 (2013); Véase, *Morán v. Martí*, 165 DPR 356, 363 (2005). (énfasis nuestro).
[39] *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008).
[40] R. Hernández Colón: *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta Edición, Lexis Nexis, pág. 470. (2017). Véase *S.L.G. Semidey Vázquez v. ASIFAL*, 177 DPR 657 (2009).
[41] R. Hernández Colón, *op. cit.*, págs. 478 – 479.
[42] *Íd.*, pág. 482.

para considerar asuntos que no fueron planteados por las partes ni consideradas por el foro primario.[43]

El Alto Foro ha expresado el efecto que trae consigo la presentación de un recurso ante los tribunales apelativos. Sobre ese asunto en particular, la Regla 52.3 de las de Procedimiento Civil de 2009 implanta las implicaciones que tiene, en los procedimientos ante el tribunal recurrido, el presentarse o expedirse un recurso por un tribunal de superior jerarquía. Dicha Regla provee lo siguiente:

> (a)    Una vez **presentado el escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela**, o las cuestiones comprendidas en ella, salvo orden en contrario expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación. El Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión involucrada en él no comprendida en la apelación. [...].[44]

Es decir, una vez se presenta en un recurso apelativo se paralizan los procedimientos ante el tribunal de instancia, pues este pierde *jurisdicción* para continuar atendiendo los asuntos relacionados con las controversias planteadas en el foro intermedio.[45] De hecho, cualquier actuación en esa dirección seria nula. Para que el tribunal primario adquiera nuevamente *jurisdicción*, es necesario que el tribunal apelativo disponga del recurso y le remita el mandato correspondiente.[46]

- III -

### KLAN20230521

En el escrito de *Apelación* de **Antonio Rosario Ramos y Otros,** los errores señalados se circunscriben a que no demostró que la corporación apelada ni el señor Maldonado Torres llevaran a cabo actividad comercial de compra y venta de autos desde la propiedad sita en la **Comunidad Montecristo** #10, localizada en la carretera 14, km. 22.4, Bo. Río Cañas, Juana Díaz, Puerto Rico. Por tanto, todos los errores cuestionan la apreciación de la

---

[43] *Montañez Leduc v. Robinson Santana*, 198 DPR 543 (2017).
[44] 32 LPRA Ap. V, R. 52.3. (énfasis nuestro).
[45] R. Hernández Colón, supra., pág. 530.
[46] *Pueblo v. Serrano Chang*, 201 DPR 643 (2018).

prueba desfilada en las audiencias; por lo que, dado a su estrecha relación, discutiremos los señalamientos de error conjuntamente.

**ANTONIO ROSARIO RAMOS Y OTROS** consideró que, a su juicio, el fallo es totalmente contrario e inconsistente. Acotó que el uso de la propiedad de **LAM** en la **COMUNIDAD MONTECRISTO** es uno que no está autorizado por la Ley Núm. 161 de 2009, *supra*, y el Reglamento Conjunto 2010. Aseguró, que **LAM** se dedica a la compra y venta de vehículos de motor, y, como parte de sus gestiones de negocio, lleva los vehículos de motor adquiridos al predio para almacenarlos; y desde allí los anuncia y vende mediante el internet. A su vez, **ANTONIO ROSARIO RAMOS Y OTROS** exhortó que: (1) se revoque la *Sentencia* fechada 31 de marzo de 2023; y (2) se le ordene a **LAM** la paralización; y el cese y desista de forma inmediata y permanente de sus actos.

Junto a su *Apelación*, **ANTONIO ROSARIO RAMOS Y OTROS** presentó dos (2) *Mociones en Solicitud de Autorización para Presentar Documento del Apéndice en Fecha Posterior al Escrito de Apelación y en Solicitud de Otros Remedios Relacionados con la Prueba*.[47] Exteriorizó que el *Exhibit* Núm. 10 (a-i) contiene nueve (9) videos que constituyeron prueba estipulada desfilada en la audiencia oficiada el 31 de agosto de 2023, durante el testimonio de la señora ROSARIO RODRÍGUEZ. De igual forma, esgrimió que el *Exhibit* Núm. 11 trata de una prueba de impugnación de **ANTONIO ROSARIO RAMOS Y OTROS** durante el contrainterrogatorio del señor Maldonado Torres durante la audiencia efectuada 14 de febrero de 2023. **ANTONIO ROSARIO RAMOS Y OTROS** le clamó a este foro revisor un plazo de quince (15) días para presentar el *Exhibit* Núm. 11 del Apéndice.

**LAM** planteó que es una compañía de responsabilidad limitada que está debidamente registrada ante el Departamento de Estado de Puerto Rico; se dedica a la compra y reventa de propiedades residenciales, comerciales, solares, fincas, autos y misceláneas. Afirmó que el hecho de que se tomen

---

[47] Ambos escritos son idénticos.

fotografías a varios vehículos pertenecientes a **LAM** en sus terrenos, ello no lo convierte en una actividad comercial. Igualmente, refutó que la prueba presentada por **ANTONIO ROSARIO RAMOS Y OTROS** no pudo comprobar que **LAM,** ni su presidente, el señor Maldonado Torres, realizaban una actividad comercial desde la propiedad localizada en la **COMUNIDAD MONTECRISTO** en el municipio de Juana Díaz.

El 25 de agosto de 2023, es decir, después de poco más de dos (2) meses, **ANTONIO ROSARIO RAMOS Y OTROS** presentó Segunda *Moción en Solicitud de Autorización para Presentar una Transcripción Estipulada de Prueba Oral.* Esencialmente, nos pidió que declaremos con lugar una presunta *Moción en Solicitud de Autorización para Presentar una Transcripción Estipulada de la Prueba Oral* presentada el 15 de junio de 2023.

Empero, lo cierto es que del expediente judicial no se desprende el referido escrito al que hace alusión **ANTONIO ROSARIO RAMOS Y OTROS**. En el apéndice se incluyen dos (2) mociones idénticas dirigidas a informar y solicitar prueba audiovisual que consta en los *Exhibits* Núm. 10 y Núm. 11. Específicamente, menciona nueve (9) videos que, como cuestión de hecho, no pueden reproducirse, toda vez que el formato en el que fueron sometidos para poder ser observados y evaluados no funciona.[48] Cuando se intenta acceder a los videos, en la pantalla se refleja:

> *"Content was blocked because it was no signed by a valid security certificate"* o *"Your connection isn't private"*

De modo que, podemos concluir que en el documento presentado el 15 de junio de 2023, no se hace mención alguna a la intención de presentar una reproducción de prueba oral.[49] De hecho, del *Registro General de Evidencia Presentada* surge como prueba estipulada fotografías, anuncios, certificados, informes, entre otros documentos. No obstante, no se desprende

---

[48] Entrada Núm. 90 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[49] *Pueblo v. Pérez Delgado,* 211 DPR 654 (2023).

que se haya presentado prueba audiovisual en la audiencia celebrada el 31 de agosto de 2021.[50]

Es evidente que **ANTONIO ROSARIO RAMOS Y OTROS** pretendió presentar la prueba audiovisual y/o enlaces electrónicos tanto ante el foro de instancia como este foro revisor, luego de pasados más de dos (2) años de las audiencias. Es preciso destacar que, luego de una exhaustiva evaluación del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC), no surge la prueba audiovisual, y tampoco hay récord de que estos se hayan presentado ante el foro de instancia coetáneo a la fecha de las audiencias.

A la luz de ello, debemos denotar que ya sea por inadvertencia o confusión, el expediente del caso refleja de manera diáfana que **ANTONIO ROSARIO RAMOS Y OTROS** incumplió con las disposiciones reglamentarias.

Toda vez que no sometió una transcripción de la prueba oral como requiere la Regla 19 del Reglamento del Tribunal de Apelaciones, *supra,* de modo que nos pusiera en posición para evaluar la determinación del juzgador, no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad, ni sustituiremos el criterio utilizado por el foro primario en el ejercicio de su discreción. **ANTONIO ROSARIO RAMOS Y OTROS** no probó que el foro primario haya actuado con pasión, prejuicio, parcialidad, craso abuso de discreción, o haya incurrido en error manifiesto que nos intime a descartar las determinaciones de hecho y las conclusiones de derecho consignadas. En virtud de lo antes expuesto, no intervendremos con el valor probatorio que le adjudicó el foro apelado a la prueba documental y testifical admitida.[51]

### KLCE202301056

En su *Certiorari*, **ANTONIO ROSARIO RAMOS Y OTROS** apuntó que se incidió al concertar que, de conformidad con la Regla 52 de las de

---

[50] Véase *Registro General de Evidencia Presentada* unido a la *Minuta* correspondiente a la audiencia celebrada el 31 de agosto de 2021 en la Entrada Núm. 27 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[51] *Santiago Ortiz v. Real Legacy Assurance*, 206 DPR 194 (2021).

Procedimiento Civil de 2009 no posee *jurisdicción* para actuar, debido a la existencia de un recurso de apelaciones ante la consideración del foro intermedio. El foro *a quo* expresó que quien poseía *jurisdicción* es el Tribunal de Apelaciones.[52] Fundamentó su posición basándose en que el 3 de agosto de 2023, la representación legal de ANTONIO ROSARIO RAMOS Y OTROS, se comunicó con la secretaría de la sala 604 del Tribunal de Primera Instancia, Sala Superior de Ponce, para coordinar la entrega de una memoria USB o "*pendrive*", debido que no era posible hacerlo mediante mecanismos electrónicos. Adicionó, que esa fue la primera ocasión en la cual un funcionario del tribunal le instruyó sobre la prueba audiovisual que presuntamente se había presentado, estipulado, marcado y admitido en evidencia el 31 de agosto de 2021. Apuntaló, que la *Comparecencia Especial* le da un peso abrumador al hecho de que, en la *Minuta* de la audiencia del 31 de agosto de 2021, no surge información sobre la prueba audiovisual, por lo que, sostiene que las *Minutas* no son una transcripción detallada o completa, pues se limitan a resumir lo acontecido en la audiencia. De igual manera, manifestó que la evidencia audiovisual quedó plasmada en la grabación de la videoconferencia, plataforma ZOOM, de la audiencia del 31 de agosto de 2021; por lo que, la referida evidencia fue trascendental en la adjudicación promulgada el 4 de noviembre de 2021.[53]

Ciertamente, al evaluar la totalidad del expediente razonablemente podemos concluir que no hallamos documento o *Minuta* alguno que nos indique de una manera específica que desde el 2021, ANTONIO ROSARIO RAMOS Y OTROS presentó prueba audiovisual y fue evaluada, aquilatada y adjudicada por el Tribunal de Primera Instancia, Sala Superior de Ponce. Como cuestión de hecho, evaluado exhaustivamente la *Minuta* de 31 de agosto de 2021, no se hace mención alguna a prueba audiovisual que haya sido presentada por ANTONIO ROSARIO RAMOS Y OTROS. Expresamente la *Minuta* refleja que:[54]

---

[52] Véase Apéndice del recurso **KLCE202301056**, pág. 1.
[53] Véase Apéndice del recurso **KLCE202301056**, págs. 31–35 .
[54] *Íd.*, pág. 32.

[E]l 27 de mayo, la [parte apelante] presentó nueve documentos consistentes en fotografías. En cuanto a la prueba documental presentada por la [parte apelante], el Lcdo. Colón Alvarado la estipula en su totalidad y no tiene objeción a que se marquen como exhibits. La posición de la [parte apelante] en cuanto a la prueba documental de [LAM], que son nueve fotos del terreno, entrada número dieciséis, las estipula y se pueden marcar con exhibit en bloque.

No hallamos certeza alguna de que se haya desfilado como evidencia la alegada prueba audiovisual. Debemos colegir que el foro primario actuó correctamente al notificar que no posee *jurisdicción* ello en conformidad a la Regla 52 de las de Procedimiento Civil de 2009. En el momento en que la **ANTONIO ROSARIO RAMOS Y OTROS** presentó el *Certiorari,* cuyo alfanumérico es **KLCE202301056**, ya este Tribunal de Apelaciones tenía ante su consideración la *Apelación* identificada como **KLAN20230521**.

## - IV -

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* prescrita el 31 de marzo de 2023 por el Tribunal de Primera Instancia, Sala Superior de Ponce; y ***denegamos*** la expedición del auto de *Certiorari* incoado el 22 de septiembre de 2023 por **ANTONIO ROSARIO RAMOS Y OTROS.**

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón disiente del resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones